IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRAVELERS INDEMNITY COMPANY | : | |
| A/S/O JEROME GREENSPAN and | : | |
| MARLENE GREENSPAN, | : | CONSOLIDATED |
| Plaintiff | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | |
| ADT SECURITY SYSTEMS, INC., et al. | : | |
| Defendant | : | NO. 06-4181 |
| | : | |
| | : | |
| | : | |
| JEROME GREENSPAN and MARLENE | : | |
| GREENSPAN, | : | |
| Plaintiffs, | : | |
| | : | |
| vs. | : | |
| | : | |
| ADT SECURITY SYSTEMS, INC, et al. | : | |
| Defendant | : | |

**MEMORANDUM OPINION**

**LINDA K. CARACAPPA**                                                                                     September 30, 2009
**UNITED STATES MAGISTRATE JUDGE**

Plaintiff Travelers Indemnity Company ("Travelers"), as subrogee of its insured, Jerome Greenspan and Marlene Greenspan, has brought this action against defendant ADT Security Systems ("ADT"), alleging negligence, gross negligence, breach of warranty, and breach of contract. Plaintiffs Jerome Greenspan and Marlene Greenspan ("Greenspans"), have brought this action against defendant ADT, alleging negligence, and breach of contract. This action stems from a fire that occurred in the Greenspans' home. Travelers paid the Greenspans in excess of $200,000 as a result of the fire, and now, as subrogee of the Greenspans, seeks

1

damages from defendant ADT, which provided burglar and fire alarm system services for the Greenspans.  The Greenspans seek damages from defendant ADT for unpaid insurance claims.

Presently before the court is defendant ADT's motion for summary judgment, which the court will grant in part and deny in part.  For the reasons that follow, the court will deny defendant's motion for summary judgment on Traveler's negligence, gross negligence, breach of warranty, and breach of contract claims; as well as on Greenspans' negligence claim. In the event that defendant ADT is found liable for negligence, gross negligence, breach of warranty, or breach of contract, however, ADT's liability will be limited to $500 in accordance with the limitation of liability clause in the alarm service contract ("Agreement").  Accordingly, to this limited extent, the motion for summary judgment filed by defendant ADT is granted.

I.  BACKGROUND

The following facts are viewed in the light most favorable to the plaintiff.

This subrogation claim arises out of a fire that occurred on September 5, 2004 in the second floor bedroom of the Greenspans' home in Havertown, Pennsylvania.  At all relevant times, Travelers was the Greenspans' property insurer.

On September 21, 1990, Greenspans entered into a contract ("Agreement") with Rollins Protective Services ("Rollins"), for installation and monitoring of a burglar and fire alarm system at Greenspans' home on 1430 Brierwood Drive, Havertown, Pennsylvania.  The system included two smoke detectors, one on the second floor and one on the first floor of the Greenspans' home.

At sometime after the Agreement was signed between Rollins and the Greenspans, ADT acquired Rollins.  ADT then assumed the Agreement.

Eleven years into the agreement, on December 18, 2001, an ADT technician removed the second floor smoke detector from the Greenspans' home because it was broken. At the time of the fire, nearly three years later, the smoke detector still had not been replaced by ADT. Plaintiffs claim several inquires were made to ADT about the missing smoke detector, but it was never replaced. ADT claims that the smoke detector could not be repaired because the parts of the original Rollins system were no longer available fourteen years after installation of the initial system.

On September 5, 2004, a fire broke out on the second floor of the Greenspans' home. Plaintiffs claim that the fire spread unnecessarily because no detector was present on the second floor where the fire originated. As a result of the fire, Greenspans made a claim on Travelers in accordance with its policy terms. Travelers paid the Greenspans over $200,000.00.

Travelers, as Greenspans' subrogee, initiated this claim. The Greenspans also filed suit against ADT for unpaid damages. The two matters were consolidated. Traveler's three-count complaint alleges: negligence, gross negligence, carelessness, willful, intentional and/or wanton misconduct (Count I), breach of warranty (Count II), and breach of contract (Count III) against ADT. The Greenspans' two-count complaint alleges negligence (Count I), and breach of contract (Count II).

II.  LEGAL STANDARD

Federal Rule of Civil Procedure 56(c) states that summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); <u>see</u> <u>also</u> <u>Celotex Corp v.</u>

Catrett, 477 U.S. 317, 322 (1986); Williams v. Borough of West Chester, 891 F.2d 458, 463-464 (3d Cir. 1989). A factual dispute is "material" only if it might affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). For there to be a "genuine" issue, a reasonable fact finder must be able to render a decision in favor of the non-moving party. Id.

On summary judgment, it is not the court's role to weigh the disputed evidence and decide which is more probative, or to make credibility determinations. Boyle v. County of Allegheny, Pennsylvania, 139 F.3d 386, 393 (3d Cir. 1998). Rather, the court must consider the evidence, and all reasonable inferences which may be drawn from it, in the light most favorable to the non-moving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962); Tigg Corp. v. Dow Corning Corp., 822 F.2d 358, 361 (3d Cir. 1987). If a conflict arises between the evidence presented by both sides, the court must accept as true the allegations of the non-moving party. See Anderson, 477 U.S. at 255. A party seeking summary judgment always bears the initial responsibility for informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp, 477 U.S. at 322.

Once the moving party has carried this initial burden, Rule 56(e) shifts the burden to the nonmoving party as follows:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party. Fed.R.Civ.P. 56(e).

However, to raise a genuine issue of material fact, the summary judgment

opponent need not match, item for item, each piece of evidence proffered by the moving party, but simply must exceed the 'mere scintilla' standard. Petruzzi's ICA Supermarkets, Inc. v. Darling-Delaware Co., Inc., 998 F.2d 1224, 1230 (3d Cir.), cert. denied, 510 U.S. 994 (1993). Summary judgment may be granted only if, after viewing all evidence in the light most favorable to the non-moving party, no jury could decide in that party's favor. Tigg Corp., 822 F.2d at 361.

III. DISCUSSION

A. Limitation of Liability Clause

Defendant has moved for summary judgment asking this court to find as a matter of law that the "Limitation of Liability" provision in the contract between ADT and the Greenspans requires dismissal of plaintiffs' claims. The limitation of liability clause in the contract between ADT and the Greenspans states in relevant part:

> All charges and fees hereon are based solely on the cost of the Detection System and the services herein set forth, and are unrelated to the value of CUSTOMER'S property or the property of others which may be located on CUSTOMER'S premises.
>
> CUSTOMER ACKNOWLEDGES AND AGREES THAT IF ANY LOSS OR DAMAGE SHOULD RESULT FROM THE FAILURE OF THE DETECTION SYSTEM, OR THE MONITORING SERVICE, OR FROM IMPROPER DESIGN, INSTALLATION, MAINTENANCE OR REPAIR OF THE DETECTION SYSTEM, WHETHER WITHIN THE LIMITED WARRANTY PERIOD OR OTHERWISE, [ADT'S] LIABILITY, IF ANY, FOR SUCH LOSS OR DAMAGE SHALL BE LIMITED TO A SUM NOT GREATER THAN FIVE HUNDRED DOLLARS ($500). IN THE EVENT PARTIES DESIRE TO IMPOSE GREATER LIABILITY UPON THE OBLIGATION HEREUNDER, CUSTOMER MAY REQUEST AN INCREASED LIMITED LIABILITY BY OFFERING TO PAY AN ADDITIONAL RIDER SIGNED BY THE PRESIDENT OF [ADT] SHALL BE ATTACHED TO THIS AGREEMENT SETTING FORTH THE ADDITIONAL LIABILITY OF [ADT]... [emphasis original].

Under the above provision in the contract was a second provision that states in relevant part:

> Under no circumstance shall [ADT] be liable to CUSTOMER or any other person for incidental or consequential damages of any nature in excess of [$500], including without limitation damages to property, loss of property or revenue, or cost of replacement goods, however occasioned, and whether alleged to result from [ADT's] breach of warranty, negligence, through strict liability of tort or otherwise.

Defendant moves for summary judgment and asserts that these provisions clearly limit defendant's liability for all claims to five hundred dollars ($500). Plaintiffs counter that the undisputed facts here show that the limitation of liability provision only limits recoverable damages that resulted due to a failure of the detection system or from the improper design, installation, maintenance or repair of the system. Plaintiffs assert that the damages here resulted from defendant not providing any fire protection on the second floor of the Greenspans home and that the contract required fire protection on the second floor.

Pennsylvania courts have consistently found that limitation of liability clauses are valid and enforceable. Valhal Corp. v. Sullivan Associates, Inc., 44 F.3d 195, 202-203 (3d Cir.1995) (noting that limitation of liability clauses have been routinely enforced under the UCC as well as in contracts not governed by the UCC); Magar v. Lifetime, Inc., 187 Pa.Super. 143, 144 A.2d 747, 748 (1958) (holding limitation of liability provision limiting damages to replacement or correction of defective material and/or installation in service contract for improvements to plaintiff's residence was valid and enforceable). In Wedner v. Fidelity Sec. Sys., Inc., 228 Pa.Super. 67, 307 A.2d 429, 431-432 (1973), the Pennsylvania Superior Court held there is no doubt as to the legality of limitation of liability provisions in a contract between ordinary business

persons, as long as the contract provision limiting liability is between private parties and relates entirely to their own private affairs, and does not involve fraud or mistake. In such cases, Pennsylvania courts have found such contract provisions to be valid and enforceable. Wedner, at 431-432.

Examining the clauses at issue here, the court finds, as a matter of law, that the "Limitation of Liability" clause is enforceable under applicable Pennsylvania law to the facts of this case.

B. Scope of the Limitation of Liability Clause: Negligence, Gross Negligence, and Breach of Warranty

Plaintiffs oppose summary judgment and contend that the limitation of liability clause is limited to negligence claims and that plaintiffs' claims for gross negligence are not limited by the contract.

The scope of limitation of liability clauses in situations similar to the case at bar have been examined extensively in this court. In Neuchatel Insurance v. ADT Security Systems, Inc., No. CIV.A.96-5396, 1998 WL 966080, at *1 (E.D.Pa. Nov. 5, 1998) the court examined a limitation of liability clause and found that the clause limited the defendant's liability for acts of negligence and gross negligence. The limitation of liability clause in Neuchatel is similar to the language used in the provision in the instant case. A portion of the Neuchatel provision provided:

> The customer does not desire this contract to provide for full liability of ADT and agrees that ADT shall be exempt from liability for loss, damage or injury due directly or indirectly to occurrences or consequences therefrom, which the service or system is designed to detect or avert; that if ADT should be found liable for loss, damage or injury due to a failure of service or equipment in any respect, its liability shall be limited to a sum equal to 100% of the annual service charge or $10,000, whichever is less, as the agreed upon damages and

> not as a penalty, as the exclusive remedy, and that the provisions of this paragraph shall apply if loss, *damage or injury irrespective of cause or origin results directly or indirectly to person or property from performance or nonperformance of obligations imposed by this contract or from negligence, active or otherwise*, of ADT, its agents or employees. Id. at *8 (emphasis added).

The Neuchatel court found that:

> The ADT and Wells Fargo contracts both contain clauses excluding, and/or placing a dollar ceiling on, liability; and in both instances those clauses are keyed to negligence and conduct that is "otherwise" wrongful. Accordingly, this court concludes that, notwithstanding plaintiffs' allegations of gross negligence, plaintiffs' potential recovery is limited by those clauses. Id. at *10.

Similarly, in Home Indemnity Co., infra, the court concluded that language "negligence, active or otherwise" was broad enough to apply to limit liability for gross negligence. Home Indemnity Co. v. Nat'l Guardian Sec. Serv. Corp., No. 94-4964, 1995 WL 298233, at *3 (E.D.Pa. May 11, 1995). In both of the above cited cases, the district court relied on the decision in Valeo v. Pocono Int'l Raceway, Inc., 347 Pa.Super. 230, 500 A.2d 492, 493 (1985), wherein the state court held that language in a contract releasing the defendant "from all liability... for all loss or damage... on account of injury to the person or property..., whether caused by the negligence of [sponsor] or *otherwise*," was broad enough to exclude liability for all degrees of negligence.

In the case at bar, the limitation of liability clause is similar to those listed above. The provision at issue here provides:

> Under no circumstance shall [ADT] be liable to CUSTOMER or any other person for incidental or consequential damages of any nature in excess of [$500], including without limitation damages to property, loss of property or revenue, or cost of replacement goods, however occasioned, and *whether alleged to result from [ADT's] breach of warranty, negligence, through strict liability of tort or otherwise.*

(emphasis added).

The contract provision in this case included language limiting liability for negligence...*or otherwise*.

It is clear from the case law above that limitation of liability provisions, such as the one in this case, which contain language limiting liability to losses caused from "negligence... or otherwise," are sufficiently broad to apply to allegations of gross negligence. As such, this court must find that ADT is entitled to partial summary judgment as a matter of law in its favor on the issue of whether the "Limitation of Liability" clause applies to losses resulting from negligence and gross negligence as we find it does so apply. The court denies ADT's dispositive motion for summary judgment, but find that if ADT were found negligent or grossly negligent at trial, its liability would be limited to $500 as provided in the limitation of liability clause in its contract with the insured.

Travelers also has a claim for breach of warranty. The "Limitation of Liability" clause states, "including without limitation damages to property, loss of property or revenue, or cost of replacement goods, however occasioned, and *whether alleged to result from [ADT's] breach of warranty*, negligence, through strict liability of tort or otherwise." This clause clearly applies to losses resulting from breach of warranty. Therefore, if ADT were found to have breached a warranty at trial, its liability would be limited to $500 as provided in the limitation of liability clause in its contract with the Greenspans.

C.  Claims Based on Breach of Contract

Defendant moves for summary judgment claiming that the parties relationship was solely based on the contract in this case. Defendant asserts that defendants had no duty in tort and

that the only valid claims are those in contract. Defendant states that the gist-of-the-action doctrine requires that a court limit parties to a contract claim when the parties' duties arise from a contract and not larger social policies. Plaintiffs claim that defendant owed Greenspans a duty to perform the duties owed under the contract, i.e., the contract claim, as well as duties owed as a matter of social policy, i.e., the negligence claims. Plaintiff further asserts that the "limitation of liability" clause does not limit plaintiffs' claims based on breach of contract.

A breach of contract claim is separate from a negligence claim in that a breach of contract claim can not become a tort claim just by saying that the action was done wantonly. Royal Indemnity Company v. Security Guards, Inc., 255 F.Supp.2d 497, 508 (2003)(citing Phico Ins. Co. v. Presbyterian Medical Serv. Corp., 444 Pa.Super. 221, 663 A.2d 753, 757 (1995)). A tort action arises from a breach of duties imposed as a matter of social policy and a contract action arises from a breach of duties imposed by mutual agreement. Bash v. Bell Telephone Co., 411 Pa.Super. 347, 601 A.2d 825 (1992). Similar to the case at bar, in Royal, plaintiff's building was destroyed by a fire that plaintiff claimed could have been minimized if the security service employed had notified the plaintiff's personnel when the fire alarm originally sounded. Plaintiff in the instant case is claiming that the fire would not have done nearly as much damage if defendant had installed the second smoke detector that the contract provided. The court in Royal found that a material issue of fact existed as to plaintiff's negligence and breach of contract claims. Royal, 255 F.Supp.2d at 509. The court explained that the breach of contract claim was based on the defendant's failure to perform the contractual duties and that the negligence claim was based on duties the defendant owed plaintiff as a matter of social policy. Id.

Travelers has a claim for breach of contract. However, the "Limitation of

Liability" clause states:

> CUSTOMER ACKNOWLEDGES AND AGREES THAT IF ANY LOSS OR DAMAGE SHOULD RESULT FROM THE FAILURE OF THE DETECTION SYSTEM, OR THE MONITORING SERVICE, OR FROM IMPROPER DESIGN, INSTALLATION, MAINTENANCE OR REPAIR OF THE DETECTION SYSTEM, WHETHER WITHIN THE LIMITED WARRANTY PERIOD OR OTHERWISE, [ADT'S] LIABILITY, IF ANY, FOR SUCH LOSS OR DAMAGE SHALL BE LIMITED TO A SUM NOT GREATER THEN FIVE HUNDRED DOLLARS ($500). [emphasis orginal]

This clause applies to losses resulting from breach of duties owed under the contract in regard to the failure of the detection system, the monitoring of the system, and the improper design, installation, maintenance or repair of the detection system, in other words, losses resulting from breach of contract. Therefore, if ADT were found to have breached the contract at trial this contractual provision would apply and ADT's liability would be limited to $500 as provided in the limitation of liability clause in its contract with the Greenspans.

D.  Waiver of Subrogation Rights and One Year Statute of Limitations

Defendant claims that summary judgment should be granted on all claims because the Greenspans signed service tickets on December 18, 2001 and July 17, 2003 that contained contractual terms waiving their subrogation rights and changing the statute of limitation for all law suits to one year. The language was:

> YOU WAIVE ALL SUBROGATION AND OTHER RIGHTS OF RECOVERY AGAINST US THAT ANY INSURER OR OTHER PERSON MAY HAVE AS RESULT OF PAYING ANY CLAIM FOR LOSS OR INJURY TO ANY OTHER PERSON.
>
> NO SUIT OR ACTION SHALL BE BROUGHT AGAINST ADT MORE THAN ONE (1) YEAR AFTER THE ACCRUAL OF THE CAUSE OF ACTION THEREFORE.

The service tickets were signed by an ADT employee and Mr. Greenspan during

the December 18, 2001 and July 17, 2003 service calls to the Greenspans home.  Based on the language cited above from the service ticket defendant claims that the Greenspans waived all subrogation rights and, therefore, Travelers derivative claims as subrogee should be dismissed. Further, Defendant claims all claims should be dismissed because the claims were filed after the one year statute of limitations supposedly agreed to in the service tickets.

Plaintiffs assert that the service tickets did not alter the original contract between the parties.  The Plaintiffs cite a provision in the original contract that stated:

> THIS AGREEMENT MAY NOT BE MODIFIED OR AMENDED EXCEPT IN WRITING SIGNED BY THE DIVISION HEAD/VICE PRESIDENT OF RSP (Rollins) IN ATLANTA, GEORGIA

Plaintiffs claim that this provision makes it so the service tickets were not capable of altering the original contract signed by the Greenspans.

Given the direct and completely unambiguous nature of this specific contract provision, we agree.  Defendant's motion in this respect is denied as the court finds the service agreements, unsigned by the division head/vice president of RSP (read 'ADT' as successor), were insufficient as a matter of law in effectuating a modification or amendment to the contract at issue here.  As such, defendant's motion for summary judgment is denied as to these assertions. E.

Spoilation of the Alarm System

Defendant claims that summary judgment should be granted on all counts because plaintiffs did not preserve the alarm system as evidence for ADT to inspect.  Defendant claims that since the evidence was spoilated defendants are prejudiced to the point that dismissal of the complaints is the only adequate sanction.  Plaintiffs claim that defendant was not prejudiced by

the discarding of the alarm system. Plaintiffs claim that since the alarm system was ADT's system, ADT had seen and serviced the system before and was well aware of how the system functioned. Further, plaintiffs note that ADT's expert had no problem formulating an opinion without the actual device. This court finds that defendant was not prejudiced to the extent that would require dismissal of the complaints. As such, we deny defendant's summary judgment motion as to this issue.

IV.  CONCLUSION

While there remain issues of material fact for trial, the limitation of liability clause in the alarm service contract ("Agreement") applies to all causes of action asserted here, thereby limiting the liability of defendant to $500.

An appropriate follows.