IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRAVELERS INDEMNITY COMPANY | : | |
| A/S/O JEROME GREENSPAN and | : | |
| MARLENE GREENSPAN, | : | CONSOLIDATED |
|     Plaintiff | : | CIVIL ACTION |
|   vs. | : | |
| | : | |
| ADT SECURITY SYSTEMS, INC., et al. | : | |
|     Defendant | : | NO. 06-4181 |
| | : | |
| JEROME GREENSPAN and MARLENE | : | |
| GREENSPAN, | : | |
|     Plaintiffs, | : | |
|   vs. | : | |
| ADT SECURITY SYSTEMS, INC, et al. | : | |
|     Defendant | : | |

**MEMORANDUM**

I.  INTRODUCTION

      A detailed factual and procedural history is included in the Court's Memorandum and Order of September 30, 2009 and is included in this Memorandum only insofar as necessary to address the issues raised by Plaintiff's motion.

      Plaintiff Travelers Indemnity Company ("Travelers"), as subrogee of its insured, Jerome Greenspan and Marlene Greenspan, has brought this action against defendant ADT Security Systems ("ADT"), alleging negligence, gross negligence, breach of warranty, and breach of contract.  Plaintiffs Jerome Greenspan and Marlene Greenspan ("Greenspans"), have brought this action against defendant ADT, alleging negligence, and breach of contract, ans seeking damages resulting from a fire loss in excess of $50,000.00.

      On August 28, 2008, defendants filed a Motion for Summary Judgment on all

1

counts. The court granted in part and denied in part the motion. Following the court's ruling, all counts remained but the potential award was limited to $500 on each count.

On November 6, 2009, plaintiffs filed the instant Motion for Certification of Interlocutory Appeal. In the motion, pursuant to 28 U.S.C. § 1292(b), plaintiffs seek to certify the following issue for appeal:

(1) Whether the limitation of liability provision in the underlying contractual agreement applied to all causes of action.

## II. DISCUSSION

The federal statute concerning interlocutory review states, in relevant part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for appeal hereunder shall not stay proceeding in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.
> 28 U.S.C. §1292(b).

Thus, a district court will certify a case for interlocutory appeal where these three criteria are met: (1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) an immediate appeal may materially advance the ultimate termination of the litigation. Katz v. Carte Blanche Corp., 496 F.2d 747, 754 (3d Cir.1974). The Court of Appeals may then hear the appeal, in its discretion.

With respect to the first factor, the Third Circuit has defined a "controlling

question of law" to "encompass at the very least every order which, if erroneous, would be reversible error on final appeal." Id. at 755. Plaintiff's motion satisfies this requirement. If plaintiff were to prevail in the Third Circuit on the issue of whether the limitation of liability provision in the underlying contractual agreement applied to all causes of action, this court's decision on summary judgement would be reversed and the case would go forward. Therefore, the issue identified by plaintiff is a controlling question of law.

The second factor is if there is substantial ground for difference of opinion. A party may establish that substantial grounds for difference of opinion exist by demonstrating that different courts have issued conflicting and contradictory opinions when interpreting a particular question of law. *See*, *e.g.*, Kolbeck v. Gen. Motors Corp., 702 F.Supp. 532,542 (E.D.Pa.1989). Plaintiff have noted that a substantial ground for difference of opinion exists as to whether the limitations of liability provision applies in cases that involve personal injury or personal property damage and the conduct is found to be willful, malicious or reckless. *See*, Valhal Corp. v. Sullivan Assocs., 44 F.3d 195, 204 (3d Cir. Pa. 1995). Plaintiff has cited a possible difference of opinion that may exist as to a particular question of law.

Finally, §1292(b) requires the district court to conclude that permitting an interlocutory appeal of an otherwise non-appealable order "may materially advance the ultimate termination of the litigation." 28 U.S.C. §1292(b). An immediate appeal may advance the termination of this litigation. If the Third Circuit reverses this court's order then the case will proceed to trial without limited damages found by this court. If the case went to trial without the interlocutory appeal and then the plaintiffs appealed to the Third Circuit and this court was reversed a second trial may need to take place. Accordingly, the court concludes that an

interlocutory appeal may materially advance the ultimate termination of this litigation.

III.  CONCLUSION

In accordance with the above discussion, this court concludes that interlocutory appeal is appropriate in these circumstances.  I also conclude that a stay of proceedings is advisable during the appeal.

An appropriate order follows.